

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 6, 1973

Honorable James Cole
House of Representatives
State Capitol Building
Austin, Texas 78711

Opinion No. H- 4

Re: Interpretation of
the term "active"
as used in Section
2, Subsection 3 and
4 of the act creating
the Texas Board of
Examiners in the
Fitting and Dis-
pensing of Hearing
Aids.

Dear Mr. Cole:

Prior to the end of his term as representative, the Honorable
Vernon J. Stewart requested an opinion of the Attorney General with
reference to the qualifications of those to serve on the Texas Board
of Examiners in the Fitting and Dispensing of Hearing Aids created
in Acts 1969, and now codified as Chapter 10a of Title 71 of the Civil
Statutes, Section 4566-1. 01 et seq, Vernon's Texas Civil Statutes.

We have been asked to make our response to you in Mr. Stewart's
absence.

Mr. Stewart's precise questions had to do with Subsections 3 and
4 of Article 4566-1. 02(a) which describe the qualifications for two of
the nine members of the Board.

One of them, in addition to residence requirements, is required
to be "an active practicing physician or surgeon duly licensed to practice
in this State by the Texas State Board of Medical Examiners, and
specialize in the practice of otolaryngology. " The other, with similar
residence requirements, is to be "an active practicing audiologist. "
Both are specifically prohibited from having any financial interest in a
hearing aid manufacturing company or a wholesale or retail hearing aid
company.

Mr. Stewart questioned the use of the word "active" and asked specifically (1) whether a party could qualify under subsection 3 if he was a full-time administrator of a clinic "and does not practice his profession?" And (2) whether a party might qualify under subsection 4 if he was a fulltime faculty member of a college or university.

The word "active" has many meanings. It might be used, for instance, to distinguish an active person from one who is retired. U.S. v. American Farm Steamship Corp. et al, 80 S. Ct. 1336, 363 U.S. 685, 4 L. Ed. 2d 149 (1960). It might be used as an antonym to the word "passive". Lohmeyer v. Maryland State Bar Assoc. of Law Examiners, 218 Md. 575, 147 A. 2d 703 (1959); Carson State Co. v. McColgan, 130 P. 2d 202 (Cal. App. 1942). The meaning most often given it, is "characterized by action rather than by contemplation or speculation." Webster's Third New International Dictionary (1967) p. 22.

Article 4510, V. T. C. S. provides, in part:

"Any person shall be regarded as practicing medicine within the meaning of this law:

"(1) Who shall publicly profess to be a physician or surgeon and shall diagnose, treat, or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof;

"(2) or who shall diagnose, treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof and charge therefor, directly or indirectly, money or other compensation. . ."

The phrase "active practicing physician or surgeon" means one who is active and practicing; one who actually diagnoses, treats or offers to treat mental or physical diseases or disorders; one who devotes sufficient time to the practice of medicine as to be identified in his community as an active practitioner.

Mr. Stewart's letter asked whether a party might possibly qualify under subsection 3 "if he is a full-time administrator of a clinic and does not practice his profession?" As stated, the question answers itself. A man who does not practice his profession is not an active practicing physician or surgeon. However, we do not believe the Legislature intended to automatically disqualify all hospital or clinic administrators. It is not uncommon, we believe, for a person to be an "active practicing physician or surgeon" and at the same time to devote a large part of his energies to administering a clinic or a small hospital.

Most indicative of the legislative intent as to the physician member of the board is the requirement that he be a specialist in the practice of otolaryngology. There are no state laws governing specialization in any particular field of medicine. Technically, anyone who is licensed to practice medicine may claim to specialize in a particular area. However it is our understanding that the medical profession will look with disfavor upon a man who holds himself out as a specialist in a field such as otolaryngology without a fair amount of specialized training, and will consider such conduct unethical.

Because "active practicing" and "specializing in otolaryngology" are terms without precise meaning, it is impossible to prescribe any exact standards to determine whether a physician meets the requirements of subsection 3. Each case will have to be decided on its own facts.

We give to the words "active practicing", used in subsection 4 with reference to the audiologist member of the Board, the same meaning we gave to them with reference to the physician or surgeon member. We would require that, to be eligible, the audiologist be one who was actually and actively engaged in the duties of an audiologist.

Mr. Stewart's letter specifically asks whether a party could conform with the requirements of subsection 4 if he was a full-time faculty member of a college or university.

We find that in other areas the Legislature has never found it difficult to exclude from eligibility persons who were members of a faculty. For instance Article 4495, V. T. C. S., excludes from the Texas Board of Medical Examiners a person who is "a member of the faculty or a board of trustee of any medical school." Article 4568, V. T. C. S., creating the Board of Podiatry Examiners, specifically excludes members of the faculty of any college of podiatry. Article 4542a, V. T. C. S., creating the State Board of Pharmacy excludes persons who are members of the faculty of any college or school of pharmacy. Article 4543 V. T. C. S., creating the State Board of Dental Examiners excludes those who are members of a faculty of a dental school. Article 4552-2.02, V. T. C. S., excludes members of the faculty of any college of optometry from the Texas Optometry Board.

That the Legislature did not see fit to exclude from the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids any person who is a member of the faculty of any college or other school when it so easily could have done so, indicates an intention that such a person would be qualified to serve on that board provided he met all other requirements. We question whether a full-time faculty member can be an active practitioner of his profession. However, the statute does not disqualify a faculty member. It affirmatively requires that the audiologist be an "active practicing" one. Whether one is an "active practicing audiologist" despite other activities is a question which will have to be determined from the facts of each case. For example, an individual might sustain a "full" teaching load of three to four hours per day, and, at the same time, devote six or more hours to the practice of his profession. Full-time faculty member? Probably. Active practicing member of his profession? Probably.

We therefore answer Mr. Stewart's specific questions as follows: It is possible that a party may conform to the requirements of subsection 3 that he be an active practicing physician or surgeon and specilize in the practice of otolaryngology even though he is a full-time administrator of a clinic, depending upon the particular facts of each case. We answer his second question that it is likewise possible

that a person may be an active practicing audiologists even though he is at the same time a full-time faculty member of a college or university, again depending upon the facts of each case.

### - S U M M A R Y -

Article 4566-1.02 Vernon's Texas Civil Statutes providing that one member of the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids be an active practicing physician or surgeon specializing in the practice of otolaryngology and that another be an active practicing audiologist requires only that those persons be, respectively, a licensed physician or surgeon specializing in otolaryngology in the one case and a trained audiologists in the other and that each be actually and actively engaged in the practice of his profession.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

JOHN M. BARRON
First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee